UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARECA RODRIQUEZ,<br><br>Defendant. | 3:21-CR-30034-RAL<br><br>OPINION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |

Defendant Mareca Rodriquez pleaded guilty to possession with intent to distribute a controlled substance and was sentenced by this Court to 60 months imprisonment. Doc. 41. Rodriquez filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, Doc. 42. In her motion for sentence reduction, Rodriquez seeks a reduction under both Part A and Part B to Amendment 821. The Federal Public Defender for North and South Dakota by Standing Order has received appointment to represent defendants in such cases, but chose not to supplement the record on Rodriquez's motion. For the reasons explained below, Rodriquez's motion to reduce sentence is denied.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

1

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

In determining whether a sentence reduction is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Further, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting § 1B1.10(b)(2)(A)).

Rodriquez did not receive any "status points" for committing her offense while under any criminal justice sentence. Doc. 36. Thus, the amendment in Part A does not apply to her case.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, added what now appears in §4C1.1(a), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>   (4) the offense did not result in death or serious bodily injury;
>   (5) the instant offense of conviction is not a sex offense;
>   (6) the defendant did not personally cause substantial financial hardship;
>   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
> decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Rodiquez was a zero-point offender, arriving at sentencing with no criminal history points. In criminal history category I with total offense level 23, Rodriquez's guideline range was 46 to 57 months. Applying the zero-point adjustment would lower her offense level to 21 and her guideline range to 37 to 46 months.

Rodriquez received the mandatory minimum sentence of 60 months, notwithstanding that her guideline range had been 46 to 57 months. This Court would have imposed the same 60-month sentence even if her guideline range had been 37 to 46 months. After all, Rodriquez—though pleading guilty to possession with intent to distribute a controlled substance for behavior on March 3, 2021—avoided through her plea deal the charge in the separate case of United States v. Rodriquez, 3:20-CR-30016, of conspiracy to distribute 500 grams or more of methamphetamine. Doc. 36 at 6. Moreover, Rodriquez was not truly in the class of defendants properly characterized as a "zero-point" offender given that she had faced charges in tribal court in 2016 for unlawful possession of a controlled substance and in 2017 for failure to appear. The 60-month sentence imposed on Rodriquez fit her crime, despite her paraplegia and understandable struggles as a result. Therefore, it is

ORDERED that Rodriquez's motion for a sentence reduction, Doc. 42, is denied.

DATED this 21st day of January, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE